**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

RYAN O'DELL,                                           :
                                                       :
                          Plaintiff,                   :   Civil Action No. 22-cv-8707
                                                       :
v.                                                     :   **COMPLAINT FOR VIOLATIONS OF**
                                                       :   **SECTIONS 14(a) AND 20(a) OF THE**
BRIGHAM MINERALS, INC., BEN M.                         :   **SECURITIES EXCHANGE ACT OF**
BRIGHAM, ROBERT M. ROOSA, GAYLE                        :   **1934**
BURLESON, JON-AL DUPLANTIER,                           :
STACY HOCK, LANCE LANGFORD,                            :   **JURY TRIAL DEMANDED**
JAMES R. LEVY, RICHARD K.                              :
STONEBURNER, and JOHN R. SULT,                         :
                                                       :
                          Defendants.                  :
---------------------------------------------------------  :

        Ryan O'Dell ("Plaintiff"), by and through his attorneys, alleges the following upon

information and belief, including investigation of counsel and review of publicly-available

information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal

knowledge:

        1.      This is an action brought by Plaintiff against Brigham Minerals, Inc., ("Brigham or

the "Company") the members Brigham's board of directors (the "Board" or the "Individual

Defendants"), and Sitio Royalties Corp. and affiliates ("Sitio" and collectively with the Company,

the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act

of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R.

240.14a-9 and 17 C.F.R. § 244.100, in connection with the proposed merger between Brigham and

Sitio.

        2.      Defendants have violated the above-referenced sections of the Exchange Act by

causing a materially incomplete and misleading Registration Statement on Form S-4 (the

"Registration Statement") to be filed on October 11, 2022 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders.  The Registration Statement recommends that Company stockholders vote in favor of a proposed transaction whereby (i) Snapper Merger Sub IV, Inc. ("Brigham Merger Sub") will merge with and into Brigham (the "Brigham Merger"), with Brigham surviving the Brigham Merger as a wholly owned subsidiary of Snapper Merger Sub I, Inc. ("New Sitio"); (ii) simultaneously with the Brigham Merger, the merger of Snapper Merger Sub V, Inc. ("Sitio Merger Sub") with and into Sitio (the "Sitio Merger" and together with the Brigham Merger, the "Pubco Mergers"), with Sitio surviving the Sitio Merger as a wholly owned subsidiary of New Sitio; and (iii) immediately thereafter, the merger of Snapper Merger Sub II, LLC ("Opco Merger Sub LLC") with and into Brigham Minerals Holdings, LLC ("Opco LLC") (the "Opco Merger"), with Opco LLC surviving the Opco Merger as a wholly owned subsidiary of Opco LP  (collectively, the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into on September 6, 2022 (the "Merger Agreement"), each Brigham stockholder will receive a fixed exchange ratio of 1.133 shares of common stock in New Sitio for each share of Brigham common stock owned on the closing date (the "Merger Consideration"). Following the consummation of the Proposed Transaction, Company shareholders will own 46.0% of New Sitio common stock outstanding and Sitio shareholders will own 54.0% of New Sitio common stock.

3.      As discussed below, Defendants have asked Brigham's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Registration Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the Registration Statement contains materially incomplete and

misleading information concerning the analyses performed by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman Sachs") in support of its fairness opinion.

4.      It is imperative that the material information that has been omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Brigham's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because plaintiff resides in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of Brigham stocks and has held such stocks since prior to the wrongs complained of herein.

10.     Individual Defendant Ben M. Brigham has served as a member of the Board since November 2012 and is the founder of the Company.

11.     Individual Defendant Robert M. Roosa has served as a member of the Board since November 2012 and is the Chief Executive Officer of the Company.

12.     Individual Defendant Gayle Burleson has served as a member of the Board since January 2022.

13.     Individual Defendant Jon-Al Duplantier has served as a member of the Board since February 2021.

14.     Individual Defendant Stacy Hock has served as a member of the Board since January 2022.

15.     Individual Defendant Lance Langford has served as a member of the Board since August 2020.

16.     Individual Defendant James R. Levy has served as a member of the Board since 2013.

17.     Individual Defendant Richard K. Stoneburner has served as a member of the Board since May 2018.

18.     Individual Defendant John R. Sult has served as a member of the Board since May 2018.

19.     Defendant Brigham is a Delaware corporation and maintains its principal offices at 5914 W. Courtyard Drive, Suite 200, Austin, Texas 78730.  The Company's stock trades on the New York Stock Exchange under the symbol "MNRL."

20.     The defendants identified in paragraphs 10-18 are collectively referred to as the "Individual Defendants" or the "Board."

21.    The defendants identified in paragraphs 10-19 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.    The Proposed Transaction

22.    Brigham owns and operates a portfolio of mineral and royalty interests in the continental United States. The Company primarily holds mineral and royalty interests in the Delaware and Midland Basins in West Texas and New Mexico; the South Central Oklahoma Oil Province and Sooner Trend Anadarko Basin Canadian and Kingfisher Counties plays in the Anadarko Basin of Oklahoma; the Denver-Julesburg Basin in Colorado; and Wyoming and the Williston Basin in North Dakota. As of December 31, 2021, it had mineral and royalty interests in approximately 92,375 net royalty acres; and owned mineral and royalty interests in 8,595 gross productive horizontal wells, which consisted of 7,909 oil wells and 688 natural gas wells. The Company was founded in 2012 and is headquartered in Austin, Texas.

23.    On September 6, 2022, the Company and Sitio jointly announced the Proposed Transaction:

> DENVER & AUSTIN, Texas--(BUSINESS WIRE)--Sitio Royalties Corp. (NYSE: STR) ("Sitio", "STR" or the "Company") and Brigham Minerals, Inc. (NYSE: MNRL) ("Brigham Minerals", "MNRL" or "Brigham") today announced that they have entered into a definitive agreement to combine in an all-stock merger, with an aggregate enterprise value of approximately $4.8 billion based on the closing share prices of STR and MNRL on Friday, September 2, 2022. The combination brings together two of the largest public companies in the oil and gas mineral and royalty sector with complementary high-quality assets in the Permian Basin and other oil-focused regions, creating an industry leader with a proven track record of consolidating oil and gas mineral and royalty interests operated by a diverse set of E&P companies.
>
> **TRANSACTION HIGHLIGHTS**

- Combination creates an industry leader, with complementary high-quality assets in the Permian Basin and other active U.S. oil basins; combined company expected to be a premier consolidator in the fragmented minerals space

- 259,510 net royalty acres on a combined basis, pro forma 2Q 2022 net production of 32.8 Mboe/d and 50.3 net line-of-sight wells operated by a well-capitalized, diverse set of E&P companies as of June 30, 2022[1][2]

- Combined company expected to benefit from a step-change in greater scale, enhanced margins, and increased access to capital, leading to accelerated consolidation potential, attractive returns and long-term value for stakeholders

- Transaction expected to generate approximately $15 million of annual operational cash cost synergies and to reduce Sitio's 2Q 2022 pro forma cash G&A per Boe by 19% to approximately $1.72 per Boe for the combined company

- Strong balance sheet with pro forma 2Q 2022 leverage of approximately 1.0x[3]

- Merger to increase Sitio's public float by 5.8x, from approximately $320 million to approximately $1.9 billion based on Sitio's Class A share closing price as of September 2, 2022

- At-market merger results in Sitio and Brigham shareholders receiving approximately 54% and 46% of combined company, respectively, on a fully diluted basis

- Balanced capital allocation framework that prioritizes return of capital to shareholders at a minimum 65% payout ratio, while using retained cash to protect the balance sheet and opportunistically fund cash acquisitions

- Board of Directors of combined company will consist of 9 total directors, including 5 directors nominated by Sitio and 4 directors nominated by Brigham; Noam Lockshin, the current Chairman of Sitio's Board, to serve as Chairman of the Board of the combined company

- Shared commitment to prioritizing best-in-class corporate governance practices including management incentive compensation and capital allocation that is well-aligned with shareholder interests to drive long-term returns

- Current Sitio management team to run combined company, which will retain the Sitio Royalties Corp. company name

* * *

**TRANSACTION DETAILS**

Under the terms of the definitive merger agreement, Brigham shareholders will receive a fixed exchange ratio of 1.133 shares of common stock in the combined company for each share of Brigham common stock owned on the closing date, and Sitio's shareholders will receive one share of common stock in the combined company for each share of Sitio common stock owned on the closing date. Brigham's and Sitio's Class A shareholders will receive shares of Class A common stock in the combined company, and Brigham's Class B and Sitio's Class C shareholders will receive shares of Class C common stock in the combined company as merger consideration. Based on the exchange ratio and the closing price of Sitio's Class A common stock on September 2, 2022, the combined company would have an aggregate enterprise value of $4.8 billion. Upon completion of the transaction, Sitio shareholders will own approximately 54.0% and Brigham shareholders will own approximately 46.0% of the combined entity on a fully diluted basis.

The transaction has been unanimously approved by the boards of directors of both companies. Funds managed by Kimmeridge, Blackstone and Oaktree, which own 43.5%, 24.8% and 15.4% of the outstanding shares of Sitio, respectively, have entered into support agreements to vote in favor of the transaction.

The closing of the merger, which is expected to occur in the first quarter of 2023, is subject to customary closing conditions, including regulatory clearance and approvals by the shareholders of Sitio and Brigham. Sitio intends to continue paying its quarterly cash dividend and Brigham intends to pay both its fixed and variable quarterly dividend through closing of the transaction.

**STRATEGIC RATIONALE**

- **Creating a premier consolidator of oil and gas mineral and royalty interests.** The combined company will be the largest publicly traded mineral and royalty company in the U.S. focused on industry consolidation across diverse operators and geographies. As a significantly larger entity than either company on a standalone basis, the combined company will have increased access to capital and the scale to execute on a wider universe of acquisition opportunities, which is a catalyst for accelerating the consolidation of the highly fragmented mineral and royalty interest sector and driving returns for shareholders. Since June of 2021, and including this transaction, Sitio has consolidated more than 195,000 net

royalty acres ("NRAs") through six large-scale transactions, reducing cash G&A per barrel of oil equivalent and improving margins with each acquisition.

- **Top-tier diversified oil-weighted mineral and royalty interest portfolio focused on the front end of operators' cost curves is unique and difficult to replicate.** Sitio and Brigham have been independently building their high-quality mineral and royalty interest portfolios through a series of hundreds of transactions since 2016 and 2012, respectively, and have built sizable positions in some of the most active oil and gas basins in the U.S., including the Permian Basin, Eagle Ford, DJ Basin, Williston Basin, Anadarko Basin and Appalachia Basin. As of June 30, 2022, the combined company had 50.3 net line-of-sight wells comprised of 29.8 net spuds and 20.5 net permits, a leading indicator for strong near-term activity. The combined company's asset portfolio is anchored by large-scale diversified Permian Basin mineral and royalty interests, which comprise over 182,500 NRAs, has gross drilling spacing units that cover approximately 32% of total Permian Basin acreage and had exposure to more than 34% of all wells drilled in the Permian Basin in 2021.

- **Significant synergies enhance cost structure, operating efficiencies and drive attractive Discretionary Cash Flow profile.** The combined company expects to generate approximately $15 million of annual operational cash cost synergies, resulting in enhanced future margins and Discretionary Cash Flow generation relative to standalone Sitio or Brigham. The merger will reduce Sitio's projected cash G&A per barrel of oil equivalent from $2.31 to $1.69[4]. Investments made in technology by both Sitio and Brigham should allow the combined company to continue to consolidate the highly fragmented oil and gas mineral and royalty interest sector with limited additional overhead.

- **Substantial public float of nearly $2 billion.** The combined company's public float would be $1.9 billion[5], the third largest of any oil and gas mineral and royalty company traded on a U.S. stock exchange and represents a 5.8x increase over Sitio's standalone float. The combined company expects this improved float will widen the viable universe of potential investors and will support demand for the combined company's stock.

- **Strong balance sheet and liquidity.** The all-stock merger reduces Sitio's pro forma 2Q 2022 leverage ratio from 1.4x to approximately 1.0x based on pro forma net debt / 2Q 2022 annualized Adjusted EBITDA. The combined company will target long-term leverage of less than 1.0x, with the ability temporarily go above that target for strategic acquisitions and will also have significant liquidity. As of August 31, 2022, Sitio and Brigham had combined cash on hand of

$31.0 million, combined revolving credit facility borrowing bases of $590 million and combined undrawn capacity under their credit facilities of $122.5 million[6]. Upon the merger closing, the combined company is expected to have a single credit facility with a borrowing base that includes the impact from assets acquired from Foundation Minerals, Momentum Minerals and Avant Natural Resources ("Avant"), which are currently not included in either company's standalone borrowing base. Additionally, the combined company's increased scale and enhanced credit profile is expected to enhance access to capital and reduce the overall cost of capital relative to Sitio and Brigham on a standalone basis.

- **Combining best practices, years of industry experience and long-standing relationships.** The combined company intends to integrate best practices and utilize the expansive networks of each predecessor to drive continued success and unlock new opportunities. This includes executing on proven mineral and royalty interest consolidation methodologies that span the entire spectrum of large scale to smaller acquisition opportunities and utilizing proven acquisition underwriting frameworks. The combined company also intends to leverage its existing proprietary data management systems to continue to streamline operations and ensure timely and accurate cash collections on its royalties.

- **Commitment to ESG with an emphasis on best-in-class corporate governance.** Sitio and Brigham both have strong commitments to industry-leading corporate governance that are well-aligned with shareholder interests and linked to total shareholder returns. The combined company will have no scope 1 emissions, negligible scope 2 emissions and will target mineral and royalty interests under operators with strong environmental track records.

\* \* \*

**GOVERNANCE AND LEADERSHIP**

Following the completion of the merger, the combined company's Board of Directors will consist of nine members, including five members nominated by Sitio and four members nominated by Brigham. Noam Lockshin, the current Chairman of Sitio's Board, will serve as Chairman of the Board of Directors of the combined company. The combined company, which will operate under the name Sitio Royalties Corp, will be led by Sitio's current executive leadership team and be headquartered in Denver, Colorado.

**ADVISORS**

Credit Suisse Securities (USA) LLC is serving as exclusive financial advisor and Davis Polk & Wardwell LLP is serving as legal advisor to Sitio. Goldman Sachs & Co. LLC is serving as exclusive financial advisor and Vinson & Elkins LLP is serving as legal advisor to Brigham.

\* \* \*

24.     The Board has unanimously agreed to the Proposed Transaction.  It is therefore imperative that Brigham's stockholders are provided with the material information that has been omitted from the Registration Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.     The Materially Incomplete and Misleading Registration Statement**

25.     On October 11, 2022, Brigham, Sitio, and New Sitio jointly filed the Registration Statement with the SEC in connection with the Proposed Transaction.  The Registration Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction.   The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions.  However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

26.     The Registration Statement fails to provide material information concerning financial projections by management and relied upon by the financial advisors in their analyses.

The Registration Statement discloses management-prepared or management-approved financial projections for the Company and Sitio which are materially misleading. The Registration Statement indicates that in connection with the rendering of their fairness opinion, that the management of Sitio and Brigham prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and the financial advisors with forming a view about the stand-alone and pro forma valuations. Accordingly, the Registration Statement should have, but fails to provide, certain information in the projections that management provided to the Board and the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

27.     For the Company Projections and Sitio Projections, the Registration Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics for fiscal years 2022 through 2027: Adjusted EBITDA, but fails to provide line items used to calculate this metric or a reconciliation of the non-GAAP metric to its most comparable GAAP measure, in direct violation of Regulation G and consequently Section 14(a).

28.     When a company discloses non-GAAP financial measures in a Registration Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or

released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

29. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.

30. Thus, to cure the Registration Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Registration Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measures to make the non-GAAP metric included in the Registration Statement not misleading.

31. Further, the Registration Statement fails to disclose the Unlevered Free Cash Flow for Sitio, the Company, and New Sitio. Unlevered Free Cash Flows were used in Goldman Sachs' financial analysis and this information is therefore material to stockholders.

*Omissions and/or Material Misrepresentations Concerning Financial Analyses for Brigham*

32. With respect to Goldman Sachs' *Illustrative Present Value of Future Share Price Analysis*, the Registration Statement fails to disclose: (i) the inputs and assumptions underlying the a range of illustrative per share NTM DCF Yields of 10.5%, 11.5%, and 12.5% to the NTM distributable cash flows for each of the fiscal years 2023, 2024, and 2025; and (ii) the inputs and assumptions underlying the illustrative discount rate of 10.5%.

33.     With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis –
Brigham Standalone*, the Registration Statement fails to disclose: (i) the estimates of unlevered
free cash flow for Brigham from July 1, 2022 through December 31, 2028 and all line items used
for the calculation; (ii) the range of illustrative terminal values for the Company; (iii) the inputs
and assumptions underlying the range of illustrative perpetuity growth rates ranging from (1.00)%
to 1.00%; (iv) the inputs and assumptions underlying the discount rates ranging from 9.5% to
10.5% for Brigham; (v) the Company's weighted average cost of capital; (vi) the amount of fully
diluted number of shares of Company common stock; and (vi) the net debt of the Company as of
June 30, 2022.

34.     With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis – Pro
Forma Combined Company*, the Registration Statement fails to disclose: (i) the estimates of
unlevered free cash flow for the pro forma combined company from July 1, 2022 through
December 31, 2028 and all line items used for the calculation; (ii) the range of illustrative terminal
values for the pro forma combined company; (iii) the inputs and assumptions underlying the range
of illustrative perpetuity growth rates ranging from (1.00)% to 1.00%; (iv) the inputs and
assumptions underlying the discount rates ranging from 9.5% to 10.5% for the pro forma combined
company; (v) the pro forma combined company's weighted average cost of capital; (vi) the amount
of fully diluted number of shares of the pro forma combined company's common stock; and (vi)
the pro forma net debt as of June 30, 2022.

35.     In sum, the omission of the above-referenced information renders statements in the
Registration Statement materially incomplete and misleading in contravention of the Exchange
Act.  Absent disclosure of the foregoing material information prior to the special stockholder
meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed

decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

36.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading."  17 C.F.R. § 240.14a-9.

38.     Defendants have issued the Registration Statement with the intention of soliciting stockholder support for the Proposed Transaction.   Each of the Defendants reviewed and authorized the dissemination of the Registration Statement and the use of their name in the Registration Statement, which fails to provide critical information regarding, among other things, the financial projections that were prepared by the Company and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

39.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).   The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were

14

misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

40.     Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement.   The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence.   Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully.   Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives.

41.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.   Plaintiff has no adequate remedy at law.   Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

### On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

42.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of Brigham within the meaning of Section 20(a) of the Exchange Act as alleged herein.   By virtue of their positions as directors of Brigham, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Registration

Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Brigham, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Brigham, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Registration Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Registration Statement.

46.     In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

47.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

49.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Registration Statement;

B.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 13, 2022                    **MELWANI & CHAN LLP**

                    By:   */s/ Gloria Kui Melwani*
                          Gloria Kui Melwani (GM5661)
                          1180 Avenue of the Americas, 8th Fl.
                          New York, NY 10036
                          Telephone: (212) 382-4620
                          Email: gloria@melwanichan.com

                          *Attorneys for Plaintiff*